UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                                            Plaintiff,

                 -against-

PRISCILLA A. HABEEB *et al.*,

                                       Defendants.

-----------------------------------------------------------------------X

**REPORT AND**
**<u>RECOMMENDATION</u>**
19-CV-05881 (JMA)(JMW)

**A P P E A R A N C E S :**

Zachary Robin Gold, Esq.
Ronald P. Labeck, Esq.
**Friedman Vartolo LLP**
85 Broad Street, Suite 501
New York, NY 10004
*Attorneys for Plaintiff*

Nicholas John Bebirian, Esq.
**Ropes & Gray LLP**
1211 Avenue of the Americas
New York, NY 10036
*Attorney for Plaintiff*

Heath S. Berger, Esq.
Gary C. Fischoff, Esq.
**Berger, Fischoff, Shumer, Wexler & Goodman, LLP**
6901 Jericho Turnpike, Suite 230
Syosset, NY 11791
*Attorneys for Defendants Habeeb and Sankar*

Slomins, Inc.
*No Attorney for Nominal Defendant*

Kileen Davies, Esq.
**New York State Department of Taxation and Finance**
Harriman Campus, Room 228, Building 9
Albany, New York 12227
*Attorney for New York State Department of Taxation and Finance*

**WICKS,** Magistrate Judge:

Plaintiff Freedom Mortgage Corporation commenced this foreclosure action pursuant to New York Real Property Actions and Proceeding Law ("RPAPL") Article 13, on October 17, 2019 against Habeeb, Sankar, and Slomins, Inc. claiming an interest in 3077 Cornwell Place, Baldwin, NY 11510 (the "Property"). [1]  (Compl., DE 1 at ¶ 1.)  Since then, Plaintiff has filed a motion for summary judgment against Defendant Habeeb and seeks a money judgment.  (DE 39.)  Included in Plaintiff's motion for summary judgment is a request to grant default judgment against Defendants Sankar and Slomins, Inc. ("Defaulting Defendants"). [2]  To date, neither Sankar nor Slomins, Inc. have moved, answered, or otherwise responded to Plaintiff's Complaint and Plaintiff has obtained certificates of default as to each of the Defaulting Defendants. [3]  (DE

---

[1] On September 23, 2022, Plaintiff filed a stipulation adding Defendant New York State Department of Taxation and Finance ("DOTF").  (DE 35.)  Judge Azrack thereafter issued an order stating that DOTF consented to be named as a defendant in this case and is permitted to make a claim concerning surplus amounts at a future foreclosure.  (DE 36.)

[2] In a lone sentence, Plaintiff also seeks to substitute itself for RMTP Trust under Fed. R. Civ. P. 25.  (DE 39-2 ¶¶ 1,14; DE 39-5 at 6; 39-7).  In particular, the U.S. Bank National Association as trustee for RMTP Trust is replacing Freedom Mortgage Corporation.  The proffered substitution is unopposed by Defendant.  The Federal Rules allows an action to continue "by or against the original party" if an interest is transferred, unless the court orders the transferee to be substituted or joined with the original party.  Fed R. Civ. P. 25(c); *Home Loan Inv. Bank, F.S.B. v. Goodness & Mercy, Inc.*, No. 10-CV-4677 (JS)(AYS), 2018 U.S. Dist. LEXIS 151208, at *33 (E.D.N.Y. Aug. 31, 2018) (internal citations omitted).  When analyzing requests for substitution, courts must decide whether substitution will "expedite" or "simplify" the case.  (*Id*.)  On May 3, 2022, Freedom Mortgage Corporation transferred its interest to the U.S. Bank National Association for the loan amount.  (DE 39-5 at 6.)  Although Plaintiff offers no caselaw or other factual support for its motion to substitute the Plaintiff here, the undersigned nonetheless exercises its discretion and finds that substituting U.S. Bank National Association, who acts as trustee for RMTP Trust, would move this case forward, because it is the party who now possesses a stake in the case.  *Home Loan Inv. Bank, F.S.B.*, 2018 U.S. Dist. LEXIS 151208 at 33-34 (finding substitution proper under Rule 25 because plaintiff submitted documentary evidence showing it transferred its interest as well as the loan, note, and mortgages and substituting plaintiff would expedite the matter); *Travelers Ins. Co. v. Broadway W. St. Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995) (granting substitution because proffered parties were the "undisputed real parties in interest" and substituting them as plaintiffs would only serve to facilitate the suit).

[3] The undersigned notes that Defaulting Defendant Sankar is represented by the same firm that appears for Defendant Habeeb.

10.)  For the reasons that follow, the undersigned respectfully recommends that the Plaintiff's motion be GRANTED in part and DENIED in part.

## UNDISPUTED FACTS[4]

**The Loan and Assignment**

On February 6, 2015, Habeeb and Sankar (collectively "Defendants"), both residents of New York, obtained a loan from Federal Savings Bank for $439,814.00, promising to pay this amount and any associated interest.  (DE 1 at ¶ 8; DE 39-1 at ¶ 2; DE 39-3 at 2.)  On February 6, 2015, Defendants delivered a mortgage for that amount, which was recorded on February 23, 2015 with the Nassau County Clerk's Office ("Mortgage").  (DE 1 at ¶ 9.)  Plaintiff, a business incorporated under the laws of New Jersey with its principal place of business in New Jersey, was then assigned the Mortgage on October 7, 2019 from Mortgage Electronic Registration Systems, Inc. and the assignment was recorded on October 16, 2019.[5]  (DE 1 at ¶ 2; DE 39-1 at ¶

---

[4] Unless otherwise noted, a standalone citation to a party's Rule 56.1 statement throughout this Report and Recommendation means that the Court has deemed the underlying factual allegation undisputed. Any citation to a Rule 56.1 statement incorporates by reference the documents cited in it. Where relevant, however, the Court may cite directly to an underlying document.  The Court has deemed true undisputed facts averred in a party's Rule 56.1 statement to which the opposing party cites no admissible evidence in rebuttal.  *See Stewart v. Fashion Inst. of Tech.,* No. 18-cv-12297 (LJL), 2020 WL 6712267, at *8 (S.D.N.Y. Nov. 16, 2020) ("'[P]ursuant to Local Civil Rule 56.1 [the movant's] statements are deemed to be admitted where [the non-moving party] has failed to specifically controvert them with citations to the record.'") (quoting *Knight v. N.Y.C. Hous. Auth.*, No. 03-cv-2746 (DAB), 2007 WL 313435, at *1 (S.D.N.Y. Feb. 2, 2007)); *Lumbermens Mut. Cas. Co. v. Dinow*, No. 06-CV-3881 (TCP), 2012 WL 4498827, at *2 n.2 (E.D.N.Y. Sept. 28, 2012) ("Local Rule 56.1 requires . . . that disputed facts be *specifically* controverted by admissible evidence. Mere denial of an opposing party's statement or denial by general reference to an exhibit or affidavit does not specifically controvert anything.").  Further, to the extent a party improperly interjects arguments and/or immaterial facts in response to facts asserted by the opposing party, and does not specifically controvert such facts, the Court disregards those statements.  *See McFarlane v. Harry's Nurses Registry*, No. 17-CV-06350 (PKC) (PK), 2020 WL 1643781, at *1 n.1 (E.D.N.Y. Apr. 2, 2020) (quoting *Risco v. McHugh*, 868 F. Supp. 2d 75, 85 n.2 (S.D.N.Y. 2012)).

[5] Note that the Complaint (DE 1) states that the assignment was executed on August 28, 2019.  (*Id.* at ¶ 9.)  However, the undersigned uses the date set forth in the parties' 56.1 statements as it is undisputed that the assignment was made on October 7, 2019.

3; DE 39-5 at 3.)  The assignment was transferred to Plaintiff by delivering the note with an allonge endorsed in blank.  (DE 39-3 at 5.)

**Terms of the Note**

According to the Note, the borrowers, here the Defendants, were to make a payment of $2,099.74 on the first day of each month starting on April 1, 2015 and all payments were due by March 2045 ("Note").  (DE 39-3 at 2.)  The Note explicitly states that if the borrower fails to pay any monthly payment in full after 15 calendar days after it is due, the lender can collect a late charge of 2% of the overdue amount.  (*Id.*)  Further, if the borrower were to default on "*any monthly payment*" then the Lender has the option to require immediate payment of the entire principal balance that is due along with the accrued interest.  (*Id.* at 2-3.) (emphasis added).  Such a payment in full can include costs and expenses such as attorneys' fees.  (*Id.* at 3.)  The lender is to send notices via first class mail to the borrower to the Property address unless the borrower has provided the lender with a different address.  (*Id.*)

**Defendants' Default**

Plaintiff alleges that Defendants defaulted on the Mortgage because they missed a monthly payment due on May 1, 2019 as well as all subsequent payments.  (DE 39-1 at ¶ 5.) Plaintiff states that the amount owed is now $406,144.07 with an interest rate of 4% accrued from April 1, 2019.  (DE 1 at ¶ 11.)

**Compliance with the New York Real Property Actions and Proceedings Law**

Plaintiff asserts that it has complied with RPAPL §§ 1304 and 1306.  (*Id.* at ¶ 13.)  On June 27, 2019, Plaintiff sent Defendants a Notice of Default to the Property, advising them of the possible acceleration of the loan and continuing default under the Note and Mortgage if not cured.  (DE 39-8 at 7.)  And, Plaintiff sent a separate 90-day notice via certified and first-class

mail to Defendants at the Property on May 8, 2019, advising of possible legal action if the default was not cured.  (DE 39-1 at ¶ 7.)  Finally, Plaintiff filed the notice with the bank superintendent after three business days of mailing the 90-day notices to Defendants.  (*Id.*)

On May 3, 2022, the Note and Mortgage were sold and assigned to U.S. Bank National Association as trustee for RMTP Trust.  (DE 39-1 at ¶ 8; DE 39-5 at 6.)  Therefore, U.S. Bank National Association owns the Note and Mortgage, and Freedom Mortgage Corporation no longer has ownership of the Note and Mortgage.  Plaintiff sought to foreclose on the Property.

## **PROCEDURAL HISTORY**

The Complaint was filed on October 17, 2019 and brought under RPAPL Article 13. (DE 1 at ¶ 1.)  Plaintiff requests, *inter alia*, a judgment accelerating the maturity of the debt and determining the amount due; a referee to be appointed to sell the Property; a receiver to be appointed for the Property; and a deficiency judgment against Habeeb and Sankar.  (*Id.* at 3-4.) Plaintiff issued the summons to Habeeb, Sankar, and Slomins, Inc. on October 18, 2019, all of which were executed and returned by November 18, 2019.  (DE 5; DE 6 to DE 8.)

Defendant Habeeb filed her answer on November 19, 2019, in which she either denied the allegations in the Complaint or otherwise denied having sufficient knowledge or information to respond.  (DE 9.)  Habeeb also asserted the following relevant defenses: lack of subject matter jurisdiction; failure to plead facts to constitute a *prima facie* case; lack of standing; failure to satisfy conditions precedent, namely RPAPL §§ 1303, 1304, and 1306; and laches, waiver, estoppels, and ratification.  (*Id.* at 2-3.)

District Judge Joan M. Azrack held several status conferences with the parties.  Plaintiff advised the Court on three different occasions of an extended moratorium by the Department of Housing and Urban Development, the agency that insures the Property, placed on the Property

until June 30, 2021.  (DE 16, DE 18, DE 21.)  Accordingly, Plaintiff could not file any motions concerning the case until the moratorium was lifted.  (DE 16.)

Before the Court is the Plaintiff's motion for summary judgment, which was referred to the undersigned by Judge Azrack.  (DE 39; Electronic Order dated May 8, 2023.)  Plaintiff requests that the Court grant summary judgment on the Complaint against Habeeb; dismiss and strike her defenses in the Answer and grant default judgment against the Defaulting Defendants; and appoint a referee to compute sums Plaintiff is owed and to determine if the property can be sold in one unit.  (DE 39-18 at 1.)  Habeeb, the only Defendant opposing Plaintiff's motion, argues that Plaintiff is not entitled to summary judgment, lacks standing, and has violated RPAPL §§ 1303 and 1304.  (DE 40.)

## PARTIES' POSITIONS

As an initial matter, Plaintiff argues that it has established its standing to bring a foreclose action because the original note was included with the Complaint, demonstrating who the holder or assignee of the underlying note truly was.  (DE 39-18 at 4-5.)  Plaintiff also argues that it established its *prima facie* case for summary judgment by presenting the Note, Mortgage, and proof of Defendant's default (including affidavits and Loan History) and highlights that the burden then shifts to the Defendant to raise an issue of fact.  (*Id.* at 3.)  It further counters Defendant Habeeb's defenses that it did not comply with RPAPL §§ 1303-04.  (*Id.* at 6.)

Plaintiff also emphasizes that they are entitled to a default judgment against the Defaulting Defendants, as the pleadings of the action were properly served and mailed to them. (*Id*. at 9.)  Plaintiff states the Defaulting Defendants did not answer or respond to the Complaint, and never requested an extension of time to respond.  (*Id*.)

In response, Defendant Habeeb states that (1) Plaintiff does not have standing to bring this suit because it has not established possession of the Note; (2) Plaintiff is not entitled to summary judgment because Plaintiff has failed to demonstrate a genuine dispute; and (3) Plaintiff violated RPAPL §§ 1303-04 because it has failed to show "strict compliance" with the statute in that (a) they have failed to properly mail notice to Defendant Sankar, (b) have failed to submit proper mailing receipts, and (c) the affidavit is insufficient to show compliance with a standard mailing procedure.  (*See* DE 40.)

## **DISCUSSION**

### I.    **Motion for Summary Judgment**

### A.  **Legal Standard**

In order to obtain summary judgment, the movant must demonstrate there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden is on the movant to demonstrate the absence of a genuine issue of material fact, which can be met by pointing to a lack of evidence supporting the nonmovant's claim. *Celotex Corp. v. Catrett¸* 477 U.S. 317, 323, 325 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).  Once the movant meets its initial burden, the burden shifts and the nonmovant may defeat the motion only by adducing evidence of specific facts that raise a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York¸* 316 F.3d 93, 100 (2d Cir. 2002).  "The Court is to believe the evidence of the non-movant and draw all justifiable inferences in her favor, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts."  *Sosa v. New York*

*City Dep't of Educ.*, 406 F. Supp. 3d 266, 268 (E.D.N.Y. 2019) (internal citations omitted). The role of the court at the summary judgment stage is not to *resolve* disputed issues of fact, but merely undertake an analysis to identify whether triable issue of fact exist. That is, the court's function is "issue-finding", not "issue-resolution." *Carolina Cas. Ins. Co. v. Cap. Trucking Inc.*, 523 F. Supp.3d 661, 668 (S.D.N.Y. 2021) (citing *Gallo v. Prudential Residential Servs., Ltd. P'ship* 22 F.3d 1219, 1224 (2d. Cir. 1994)).

**B. Entitlement to Summary Judgment**

Plaintiff argues that it is entitled to summary judgment on the present foreclosure action, however, Defendant Habeeb opposes.

In New York, plaintiffs demonstrate an entitlement to summary judgment in their favor for a foreclosure action if they procure evidence of (1) the mortgage, (2) the note, and (3) defendant's default. *Gustavia Home, LLC,* 785 Fed. Appx. at 14. The defendant must then show any of the following defenses to establish the existence of a triable issue of fact: waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct by the plaintiff. *Id.*; *see also OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656 (NGG), 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015), *report and recommendation adopted*, No. 14-CV-4656 (NGG) (CLP), 2015 WL 5706953, at *13 (E.D.N.Y. Sept. 28, 2015) ("Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has satisfied its prima facie entitlement to judgment, and the burden shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and/or counterclaims.").

Plaintiff argues that it has established that it is entitled to summary judgment since it has presented the Note, Mortgage, and proof of Habeeb's default. (DE 39-18 at 3.) Since this has been shown, Plaintiff states that Habeeb must now provide a genuine issue of material fact.

Here, Plaintiff has produced a plethora of evidence containing the Mortgage, Note, and the Defendants' default.  As an initial matter, it has produced copies of the Mortgage and the Note itself.  Further, it has provided evidence that Defendants executed the Note in favor of the original assignor (DE 39-3); the assignor gave Defendants a loan for which Defendants then provided a Mortgage as security for payment of the loan (DE 40-1 at ¶ 2); the Plaintiff then became the assignee of the Note on October 7, 2019 (DE 39-5 at 3); and the Defendants defaulted on its loan payments (DE 39-8 at 7.).  *See Wilmington Trust, N.A. v. Winta Asset Mgmt. LLC,* 20-cv-5309 (JGK), 2022 U.S. Dist. LEXIS 120984, at *10-11 (S.D.N.Y. July 8, 2022) (noting the evidence plaintiff put forth establishing the mortgage, note, and default).

Thus, on its face, it appears, that Plaintiff is entitled to summary judgment having adduced the required evidence.

### C.  Standing

Having established that Plaintiff is entitled to summary judgment, the undersigned next addresses Defendant Habeeb's affirmative defenses.  In her Answer, Habeeb raises standing, arguing that Plaintiff does not have standing to bring the instant foreclosure action or the asserted claims.  (DE 9 at ¶ 12.)  Plaintiff argues that it does have standing to bring a foreclosure action because the original Note that was endorsed to the bank was included with the complaint and the Certificate of Merit, which demonstrates its status as holder or assignee of the Note.  (DE 39-18 at 6; DE 41 at 1-2.)

Plaintiffs must show that they were both the holder or assignee of the mortgage and note *when the action was commenced.  United States Bank, N.A. v. Squadron VCD, LLC*, 504 Fed. Appx. 30, 34 (2d Cir. 2012).  "[T]he transfer of the promissory note to the plaintiff before the action has commenced is sufficient to demonstrate standing because the mortgage passes

incident to the note." *Gustavia Home, LLC v. Rutty,* 785 Fed. Appx. 11, 14 (2d Cir. 2019) (internal citations omitted).  Plaintiff can provide proof of physical possession of the note *or* written assignment of the note to prove standing.  *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) (emphasis added).

Article 3 of the Uniform Commercial Code ("U.C.C.") allows for notes to be endorsed to a new owner or "endorsed in blank, naming no specific payee, which makes it a bearer" under this article, allowing any party could enforce it thereafter.  *U.S. Bank N.A. v. Moulton*, 179 A.D.3d 734, 736-37 (2d Dep't 2020) (citing U.C.C. 3-202 [1]; 3-204 [2]).  The Second Circuit has ruled that "physical possession of a note establishes standing 'where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank....'"  *Courchevel 1850 LLC v. Alam*, No. 17-CV-00785 (JBW) (SMG), 2019 U.S. Dist. LEXIS 189451, at *26 (E.D.N.Y. Oct. 30, 2019) (internal citations omitted).  In other words, if the note is endorsed in blank not on the note itself but instead on an allonge, which is a paper attached to the note to write endorsements and becomes part of the note, then delivery of the note with an allonge endorsed in blank sufficiently transfers interest to the new party.  *Moulton*, 179 A.D.3d at 736-37.

Furthermore, New York courts have stated that an assignee is not required to demonstrate how it came into possession of the note to enforce it.  *J.P. Morgan Chase Bank, N.A. v. Weinberger*, 142 A.D.3d 643, 645 (2d Dep't 2016).

Plaintiff states that it has standing to foreclose on the Property because the Note was "endorsed to blank by virtue of an allonge affixed thereto."  (DE 39-18 at 6; DE 41 at 1-2.)  Habeeb opposes stating that Plaintiff cannot establish standing to maintain the action.  (DE 40 at 2-5.)

Habeeb states that Plaintiff has failed to put forth a detailed description as to how it came into possession of the note, making the endorsement unreliable.  (DE 40 at 3.)  Specifically, it states that Plaintiff has failed to adduce evidence demonstrating that the Note is in Plaintiff's possession, when it received the Note, and where it is being held.  (*Id.* at 4.)

Here, Plaintiff has standing to seek foreclosure of the Property because it was the assignee of the Mortgage and Note when the action began.  The transfer of the Note to the Plaintiff occurred on October 7, 2019, along with the passing of the Mortgage, and the action commenced ten days later on October 17, 2019. (DE 39-5 at 3.)

And even if there was some doubt as to whether Plaintiff was the new assignee of the underlying note, the allonge for Note endorsement also confirms Plaintiff's standing to bring this foreclosure action.  The allonge for Note endorsement reads: "PAY TO THE ORDER OF [blank space] WITHOUT RECOURSE."  (DE 39-3 at 5.)   This written assignment is sufficient for standing and the endorsement to "blank" makes it legally enforceable to any entity that came upon the Note.  Further, the affidavits submitted state that the endorsement was "firmly" affixed to the Note, thereby making it a part of the Note pursuant to the U.C.C.  (*See* Younger Decl., DE 39-7 at 3) (stating the allonges were firmly affixed to the note); *cf. Moulton,* 179 A.D.3d at 737 (finding no proper endorsement where the purported allonge was not referred to in any affidavit nor was there any other evidence to indicate the paper with the endorsement was affixed to the note to become a part of it).

For these reasons, there is no genuine dispute of material fact as to whether Plaintiff has standing to bring this foreclosure action.  The undersigned next addresses Defendant's other affirmative defense and lone argument of noncompliance with the RPAPL.[6]

---

[6] Plaintiff re-hashes the defenses brought in Defendant's Answer, namely, the defense of lack of subject matter jurisdiction; however, Habeeb does not raise this in her opposition.  (*See generally* DE 40.)

### D. Compliance with RPAPL
#### a. RPAPL § 1303

New York law, namely RPAPL § 1303, mandates that the foreclosing party "attach a notice including sources of information and assistance to homeowners in foreclosure to the summons and complaint." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 84-85 (E.D.N.Y. 2019). The statute also provides the content and form of notice that should be sent to the recipients, namely that the notice should be in bold and fourteen-point font; printed on a different colored paper than the summons and complaint; and included on its own page, the 'Help for Homeowners in Foreclosure' in bolded twenty-point font. *Id.* at 85.

To bring a foreclosure action, a foreclosing party has the burden to show that the other party was properly served with notice. *MTGLQ Invs., L.P. v. Assim*, 209 A.D.3d 1006, 1009 (2d Dep't 2022) (finding that the plaintiff did not meet its burden because the process server's affidavit failed to denote whether the notice complied with all requirements).

Here, in its affidavit of service, Plaintiff attests that Habeeb was served with the required notice (1) "labeled 'Help for Homeowners in Foreclosure'" (2) whereby the title was "in bold, twenty-point type," (3) "the body in bold fourteen-point type," and (4) printed on paper that was a different color than the summons and complaint. (DE 39-12; DE 39-18 at 8); *see Gustavia*, 362 F. Supp. 3d at 85 (finding that an affidavit of service attesting to the strict requirements of § 1303 was sufficient to establish compliance); *but see Bank of N.Y. Mellon v. McCaffrey*, 207 A.D.3d 614, 617 (2d Dep't 2022) (finding that plaintiff failed to show that the served papers complied with the type-size requirements in the statute). Habeeb also does not dispute this filing

---

Nevertheless, the court finds that diversity jurisdiction exists here (1) because parties are from different states (New Jersey and New York) and (2) the amount of controversy is $439,814, well over the $75,000 threshold. 28 U.S.C. § 1132 (parties must be citizens of different states and the amount in controversy exceeds $75,000.00); (DE 39-18 at 4; Cert. of Incorp., DE 39-16 at 4); (DE 1 at ¶ 8.).

as sufficiently complying with § 1303.  For these reasons, the undersigned respectfully finds that Plaintiff has sufficiently complied with RPAPL § 1303.

### b.   RPAPL § 1304

RPAPL § 1304 requires a lender to send notice to a mortgagor at least 90 days before the commencement of any foreclosure action by registered or certified mail, by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage. RPAPL § 1304(1-2).  "Proper service of [an] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition."  *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021).  Compliance with § 1304 can be established with evidence of actual mailing; such as a certified mailing receipt, a certificate of first class mailing, affidavit of service, or some uncontroverted United States Postal Service records.  *Wilmington Sav. Fund Soc'y, FSB as Tr. for Carlsbad Funding Mortg. Tr. v. White*, No. 17-CV-2288 (RRM) (SIL), 2021 WL 2548971, at *4 (E.D.N.Y. June 22, 2021).

A lender creates "a rebuttable presumption" that it complied with the RPAPL when it submits proof of an office's mailing procedures which can be rebutted by "denying receipt and showing that the routine office practice was not followed" so it would "be unreasonable to assume that the notice was mailed."  *Schiffman,* 999 F.3d at 116*.*  The statute requires "strict compliance" to begin a foreclosure action.  *U.S. Bank N.A. v. Moulton*, 179 A.D.3d 734, 739 (2d Dep't 2020).

Plaintiff states that Michael Knaack's affidavit, who is an FCL Supervisor with Plaintiff, outlined Plaintiff's mailing procedures and confirmed that 90-day notices that were fully compliant with the rule were in fact mailed to Defendants on May 8, 2019.  (DE 39-18 at 7.)  A

Mailing log was also included to confirm proper mailing to Defendants in accordance with the rule. (*Id.*)

Habeeb contests Plaintiff's statement of compliance, arguing that Plaintiff failed to comply with § 1304 because the mailing of the notice to Sankar was defective, as Sankar resided in Brooklyn for thirty-five years where the summons and complaint were sent, however, the notice was sent to an address in Baldwin, New York and Plaintiff has failed to demonstrate compliance. (DE 40 at 6.) This, Habeeb says, warrants denial of Plaintiff's motion for summary judgment. (*Id.*)

Further, Habeeb asserts that Plaintiff has not submitted any copies of certified mail receipts and did not explain how the 90-day notices were mailed. (*Id.* at 7.) And, Knaack's affidavit discussing the mailing procedure is insufficient because he did not perform the mailing himself or otherwise state "how or when compliance was accomplished, that notices were served, that identify the individuals who allegedly did so, and that provide sufficient proof of a standard office practice or procedure designed to ensure that items are properly addressed" and mailed. (*Id.* at 8.) Habeeb also states Knaack's letter constitutes a business record,[7] for which

---

[7] This argument is without merit because Knaack's affidavit *does* constitute a business record within the meaning of Federal Rule of Evidence 803(6). *See CIT Bank N.A. v. Elliott*, No. 15-CV-4395 (JS) (ARL), 2018 U.S. Dist. LEXIS 58315, at *11 (E.D.N.Y. Mar. 31, 2018) (finding (1) the affiant testified regarding the regular performance of his job duties, (2) the affiant stated he had access to and reviewed business records by Plaintiff and would thus be familiar with the routine practices and procedures surrounding business records, (3) noted the records were made at or near the time by persons with knowledge of such transactions and kept in the regular course of business, and (4) defendant has not shown that this information lacks trustworthiness). Knaack stated in the affidavit that he was familiar with the records maintained by Plaintiff as well as its record-keeping methodologies because of his job duties and that the records are made in close time by persons with knowledge of such business activity. (DE 39-8 at 2.) Further, he stated that it is Plaintiff's routine practice to keep loan records in the ordinary course of business—that practice includes generating the required documents in compliance with the RPAPL. (*Id.* at 2-3.) And, he has personal knowledge regarding Defendants' loan in this case. (*Id.* at 3.); *HSBC Bank USA, N.A. v. Harris,* 573 F. Supp. 3d 661, 664 n.2 (D. Conn. 2021) (finding that an affidavit is admissible under a business record pursuant to an analysis under FRE 803(6)).

no foundation was laid.  (*Id.*)  Finally, she points to a new standard for claimants seeking summary judgment in foreclosure matters.  (*Id.* at 9); *J.P. Morgan Chase Bank, N.A. v. Kutch,* 142 A.D.3d 536, 538 (2d Dep't. 2016) (stating that plaintiffs in foreclosure actions must demonstrate that no material issue of fact exists regarding strict compliance with RPAPL § 1304).[8]

Plaintiff states that Habeeb lacks standing to raise this defense for Sankar since RPAPL § 1304 is a personal defense.  (DE 41 at 3.)  And, Sankar has willfully defaulted here and thus cannot raise defenses for this claim.  (*Id.* at 4.)  Further Plaintiff points out that Defendant-Sankar never resided at the Property but instead resided elsewhere.[9]  (*Id.*)

Plaintiff also disputes Defendant's contention that Plaintiff failed to submit copies of certified mail receipts from the post office because there is no requirement stating such.  (*Id.* at 5.)  So long as a claimant provides proof of the mailing procedure by someone with personal knowledge, it is sufficient to satisfy notice in compliance with RPAPL § 1304.  (*Id.*)  Knaack did just this—in his affidavit, he discussed the mailing procedures, specifically that he reviewed the

---

[8] Habeeb also raises a single sentence defense without any support stating that plaintiff's servicer has not shown that it ever advised the borrower before sending the notice of default of the transfer of servicing responsibilities, which is mandated by the Real Estate Settlement Procedures Act.  (DE 40 at 9.)  Contrary to Plaintiff's assertion that there is a one-year statute of limitation for this claim, the undersigned finds that a three-year statute of limitations applies.  12 U.S.C. § 2605 (discussing servicing of mortgage loans); 12 U.S.C. § 2614 (stating that claims brought under § 2605 must be brought within three years from the date of the alleged violation).  If the alleged violations, the defaults, occurred in May and June 2019 and Habeeb's first mention of this defense was brought on November 3, 2022, then the three-year statute of limitations bars Habeeb's defense.

[9] Note that this standing discussion distinct from the initial discussion of standing *supra. See CIT Bank, N.A. v. Tineo,* No. 17-cv-5119, 2019 U.S. Dist. LEXIS 215236, at *10 (E.D.N.Y. Dec. 5, 2019) (analyzing plaintiff's general standing in a mortgage foreclosure action); *Windward Bora LLC v. As,* No. 22-CV-00411 (MKB) (LGD), 2022 U.S. Dist. LEXIS 196722, at *8 (E.D.N.Y. Oct. 28, 2022) (discussing the standing for a foreclosure action and summary judgment under RPAPL claims); *cf. Nationstar Mtge., LLC v. Koznitz I, LLC,* 173 N.Y.S.3d 562, 566 (2d Dep't 2022) (analyzing standing to bring a foreclosure action and the affirmative defense of failure to comply with RPAPL § 1304 separately); *Ariel Bronxville LLC v. Biedermann,* 2022 N.Y. Misc. LEXIS 10183, at *8 (N.Y. Sup. Ct. Oct. 3, 2022) (same).

business records and had personal knowledge that the notices were mailed to Defendants on May 8, 2019 in accordance with Plaintiff's mailing practices.  (*Id.* at 6.)

*First*, RPAPL § 1304 is a personal defense and cannot be raised by a co-defendant.  *First Mtge. Strategies Group, Inc. v. Martinez*, 2017 N.Y. Misc. LEXIS 4036, at *9-10 (Suff. Cnty. Sup. Ct. Oct. 20, 2017) (finding that defendant failed to file an answer and thus waived the noncompliance issue).  Thus, if Sankar wished to contest Plaintiff's service of notice under § 1304, he should have raised it in an answer himself, but he has failed to do so.  And Habeeb herself does not deny that she did not receive the notice.  (DE 41 at 6.)

*Second*, Plaintiff has "strictly complied" with RPAPL § 1304 and even under the standard laid out in *Kutch,* by providing both copies of the actual notices mailed to Defendants via registered/certified and first-class mail and submitting an affidavit of "a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Moulton*, 179 A.D.3d at 739.  Michael Knaack, an FCL Supervisor with Plaintiff, had access to Plaintiff's records and has personal knowledge of Plaintiff's procedures for creating, maintaining, and mailing records, including those relating to Defendants' Mortgage loan.  (DE 39-8 at 2-4.)  In Knaack's affidavit, he discusses Plaintiff's practices of generating notices of default which are designed to ensure that the notices are sent to all borrowers at their proper address.  (*Id.* at 3.)  He further states that Plaintiff regularly mails Notices of Default and 90-Day notices by certified and first-class mail and personnel then copies and documents these records in the loan file.  (*Id.*)  Knaack attests that the Notice of Default was dated on June 27, 2019 and sent to Defendants via first-class and certified mail to the Property address.  (*Id.*)  And, 90-day notices were sent via certified and first-class mail to Defendants at the Property on May 8, 2019 in compliance with RPAPL § 1304 and then these notices were

subsequently sent to the superintendent of banks in compliance with RPAPL § 1306.  (*Id.* at 4; *Id.* at 17, 27, 37, 47.); *U.S. Bank Trust, N.A. v. Chiramannil*, 205 A.D.3d 966, 968 (2d Dep't 2022) (holding that plaintiff complied with the RPAPL after submitting copies of the notices and an affidavit discussing that the notice was sent via certified and first-class mail and outlining the office's mailing procedure); *cf. Moulton*, 179 A.D.3d at 739 (finding plaintiff failed to comply with § 1304 because there was no affidavit of service or proof of mailing by the post office to establish proper service to the defendants and the loan servicer's affidavit consisted of conclusory statements); *U.S. Bank N.A. v. Sims*, 162 A.D.3d 825, 827 (2d Dep't 2018) (finding that the lower court should have denied plaintiff's motion regarding § 1304 compliance because the affidavit neither provided proof of a standard office mailing procedure nor independent support of the mailing itself).

Habeeb also argues that the 90-day notice and notice of defaults were defective because the notice of default dated May 8, 2019 states that Defendants "were 37 days past due and in default for $10,661.26."  (DE 40 at 9.)  She argues the notices were defective because payments are due on the first of the month and would not be in default until the middle of the month, which is when a late charge is incurred.  (*Id.*)  Because Habeeb was only in default for one month and not for May as Plaintiff stated, she requests the default notice to be considered incorrect and defective.  (*Id.* at 10.)  Plaintiff opposes Defendant's contention that the notice was defective because of the error in the amount owed.  (DE 41 at 6-7.)

Plaintiff states that Defendants were already in default for two months' payment, not one, when the May 8, 2019 pre-foreclosure notice was sent—Defendants made a payment on (1) April 1, 2019 due on February 1, 2019 and (2) on May 1, 2019 that was due for March 1, 2019— which made them in default for two months of payment for having made payments two months

later than the due date on two separate occasions.  (DE 41 at 7.)  Thus, Plaintiff says the amount

owed is accurate on the notice.  (*Id.*)

The Notice of Default dated June 27, 2019 states that neither the May 1, 2019 nor the

June 1, 2019 payments were received amounting to a total of $10,745.24 overdue, inclusive of

late charges and other fees and costs.  (DE 39-8 at 9; *id.* at 11.)  Defendants were warned that if

they did not cure the default by July 30, 2019 then immediate payment may become due and

Plaintiff could foreclose on the Property.  (*Id.*)

For these reasons, the undersigned finds that Plaintiff complied with § 1304 and

respectfully recommends granting Plaintiff's motion for summary judgment against Habeeb.[10]

## II.    Default Judgment

In addition to summary judgment, Plaintiff also moves for default judgment against

Defaulting Defendants Sankar and Slomins, Inc.  In support, Plaintiff submits affidavits of

service showing that Slomins, Inc. and Sankar were served with the Complaint, in which Sankar

was effected with service of process when Plaintiff served a family member in his home and

when Slomins, Inc., the holder of a lien encumbering the Property, was served through an

authorized agent.  (DE 39-18 at 9.)  Neither Sankar nor Slomins, Inc. has responded to the

Complaint either through an answer or motion.  (*Id.* at 10.)  The undersigned considers

Plaintiff's argument and evidence below.

---

[10] The Plaintiff also raises an additional argument in its motion that it complied with § 1306.  (DE 39-18 at 11.)  However, Habeeb does not oppose this argument.  Thus, the undersigned does not address this argument and finds compliance with § 1306 undisputed.

In addition, Plaintiff states that Defendants' seventh and eighth defenses in its Answer are barred by laches, waiver, estoppels, and ratification and should be stricken because they are not supported with any facts or details.  (*Id.* at 8.)  Habeeb responds with a lone sentence baldly stating that she has raised viable defenses and her answer should not be stricken.  She has failed, however, to provide any support for these defenses.  (DE 40 at 1.)  For these reasons, the undersigned recommends granting Plaintiff's request to strike the defenses in the Answer.

### A. Legal Standard

There is a two-step process for the granting of default judgments under Fed. R. Civ. P. 55. First, the Clerk of the Court enters default when a party fails to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(a); *see also* E.D.N.Y. Local R. 55.2. After the clerk's certificate of default is issued and posted on the docket, a party may apply for entry of a default judgment. Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Local R. 55.2(b).

The decision to grant a motion for default is left to the discretion of the district court. *United States v. Dougherty*, No. 15-cv-554 (ADS) (AKT), 2016 WL 5112063, at *3 (E.D.N.Y. Aug. 1, 2016), *report and recommendation adopted*, 2016 WL 4705549 (E.D.N.Y. Sep. 7, 2016). A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-cv-1878 (RJD) (JMA), 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (finding that a default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true).

Even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). The court must therefore ensure that (1) Plaintiff satisfied all required procedural steps in moving for default judgment (*see* Local Civ. R. 55.2); and that (2) Plaintiff's

allegations, when accepted as true, establish liability as a matter of law. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

Further, in evaluating whether to grant a default judgment, courts consider (1) whether the defendant's default is willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer if the motion for default judgment is denied. *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Co-op., Pension and Welfare Funds v. Flooring Experts, Inc.*, No. 12-CV–6317 (ADS) (AKT), 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013). *But see Brown v. Gabbidon*, No. 06-CV-8148 (HB), 2007 WL 1423788, at *4 (S.D.N.Y. May 14, 2007) ("A discussion of prejudice, willfulness and meritorious defenses is required once there is an entry of default or a default judgment and the court considers a request by a defaulting party to vacate that entry pursuant to Rules 55(c) or 60(b).").

Consideration of these three factors counsels toward an entry of default judgment in this case since Defaulting Defendants have wholly failed to appear and present any sort of defense, and Plaintiff is left with no further steps to take to secure relief. *See Floor Experts, Inc.*, 2013 WL 4042357 at *3 (when a defendant is continuously and completely unresponsive the failure to respond is considered willful), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013); *Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-CV-46 (JS) (AKT), 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012) ("[T]he Court is unable to make a determination whether the Defendants have a meritorious defense since no such defense has been presented to the Court."), *report and recommendation adopted*, 2012 WL 832452 (E.D.N.Y. Mar. 12, 2012); *Northwell Health, Inc. v. Northwell Staffing Agency, LLC*, No. 17-CV-1611 (DRH) (AKT), 2018 WL 1525803, at *9 (Mar. 1, 2018) (noting that denying

the motion for default judgment would be prejudicial to Plaintiff since "there are no additional steps available to secure relief in this Court"), *report and recommendation adopted*, 2018 WL 1525698 (E.D.N.Y. Mar. 28, 2018) (citations omitted).

## B. Procedural Compliance

Local Civil Rule 7.1 requires motions to include a notice of motion, a memorandum of law, and supporting affidavits or exhibits containing any necessary factual information for the decision of the motion.  E.D.N.Y. Local R. 7.1(a)(1) - (3).  And, Local Civil Rule 55.2 requires that a party moving for default judgment append to its application the Clerk's certificate of default, a copy of the claim to which no response has been made, a proposed form of default judgment, and that all papers submitted to the Court under Rule 55.2(b) be mailed to the party against whom a default is sought at the last known address of such party with proof of mailing filed with the Court.  E.D.N.Y. Local R. 55.2(b) - (c).  The movant must also include a nonmilitary affidavit as to the individual defendant pursuant to the Servicemembers Civil Relief Act (50 U.S.C. App. § 521), stating whether the defendant is in the military along with facts to support the affidavit.  *See Bhagwat v. Queens Carpet Mall, Inc.*, No.14-cv-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) (citing 50 U.S.C. App. § 521).

Plaintiff has substantially complied with the applicable rules, having filed a notice of motion (DE 39); memorandum of law (DE 39-18); declarations and exhibits (DE 39-2 through 39-10; DE 39-15 through DE 39-17.).  E.D.N.Y. Local R. 7.1(a)(1)-(3).  And Plaintiff has attached the certificate of default (DE 39-14), a copy of the Complaint (DE 39-11), and an affidavit attesting to service of process and filed proof with the Court (DE 39-19).  E.D.N.Y. Local R. 55.2(b)-(c).  Plaintiff has also submitted a non-military affidavit for Defendant Sankar. (DE 39-15 at 2.)

21

Although Plaintiff has not included a proposed form of default judgment in accordance with E.D.N.Y. Local R. 55.2, Plaintiff has otherwise substantially complied with the requisite rules. *Windward Bora, LLC v. Ortiz*, No. 21-cv-4154 (MKB) (JMW), 2022 U.S. Dist. LEXIS 119157, at *11-12 (E.D.N.Y. July 5, 2022) (noting cases in this district that excuse failure to strictly comply with Local Rule 55.2(b) and excusing plaintiff's failure to include the proposed default judgment); *Jian Hua Li v. Chang Lung Grp. Inc.*, No.16-CV-6722 (PK), 2020 U.S. Dist. LEXIS 61171, at *12 n.3 (E.D.N.Y. Apr. 7, 2020) ("Although Plaintiff did not submit a proposed order of default judgment…the Court will not require its submission.")

Accordingly, the Court finds that the instant motion is procedurally proper.

## C. Default Judgment Factors

In evaluating whether to grant a default judgment, courts consider (1) whether the defendant's default is willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer if the motion for default judgment is denied. *See Trustees of Empire State Carpenters Annuity, Apprenticeship, Lab. Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. 12-CV-6317 (ADS)(AKT), 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013). *But see Brown v. Gabbidon*, No. 06-CIV-8148 (HB), 2007 WL 1423788, at *4 (S.D.N.Y. May 14, 2007) ("A discussion of prejudice, willfulness and meritorious defenses is required once there is an entry of default or a default judgment and the court considers a request by a defaulting party to vacate that entry pursuant to Rules 55(c) or 60(b).").

Consideration of these three factors counsels toward an entry of default judgment where, as here, Defendants have wholly failed to appear and present any sort of defense, and

Plaintiff is left with no further steps to take to secure relief.  *See ADI Glob. Distribution*, 2023 WL 3355049, at *4; *see also Flooring Experts*, *Inc*., 2013 WL 4042357, at *3 (when a defendant is continuously and completely unresponsive the failure to respond is considered willful), *report and recommendation adopted*, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013); *Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-CV-46 (JS)(AKT), 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012) ("[T]he Court is unable to make a determination whether the Defendants have a meritorious defense since no such defense has been presented to the Court"), *report and recommendation adopted*, 2012 WL 832452 (E.D.N.Y. Mar. 12, 2012); *Northwell Health, Inc. v. Northwell Staffing Agency, LLC*, No. 17-CV-1611 (DRH)(AKT), 2018 WL 1525803, at *9 (Mar. 1, 2018) (noting that denying the motion for default judgment would be prejudicial to Plaintiff since "there are no additional steps available to secure relief in this Court"), *report and recommendation adopted*, 2018 WL 1525698 (E.D.N.Y. Mar. 28, 2018) (citations omitted).

### D.  Jurisdiction

#### a.  Subject Matter Jurisdiction

Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  (DE 39-18 at 3.)  Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).  "A person is deemed a citizen of the state wherein he or she is domiciled at the time the complaint is filed."  *DeAngelis v. Am. Airlines, Inc.*, No. 06-CV-1967 (NGG), 2009 WL 3762651, at *1 (E.D.N.Y. Nov. 10, 2009).

"[A] corporation shall be deemed to be a citizen of any State by . . . where it has its principal place of business." *Id.* It is well established that diversity of citizenship is assessed based on the facts as they exist *at the time the action is filed*. *BH99 Realty, LLC v. Qian Wen Li*, No. 10-CV-0693 (FB)(JO), 2011 WL 7091800, at *3 (E.D.N.Y. Oct. 24, 2011), *report and recommendation adopted*, No. 10-CV-00693 (FB) (JO), 2012 WL 213882 (E.D.N.Y. Jan. 24, 2012).

The parties here are diverse, residing or otherwise operating in different states. *See* fn.6 *supra*. Plaintiff is located and its certificate of incorporate provides an address in Mount Laurel, NJ. (DE 1 at ¶ 2.) Defendant Sankar resides in Brooklyn New York. (*Id.* at ¶ 4; DE 39-18 at 4.) And Defendant Slomins, Inc.'s principal place of business is in Hicksville, New York. (DE 1 at ¶ 5.) Further, the Complaint alleges damages resulting in an accelerated balance owed in the amount of $439, 814 surpassing the amount in controversy threshold. (DE 39-18 at 4.)

Accordingly, the Court has subject matter jurisdiction over this matter.

### b. Personal Jurisdiction

When considering a motion for default, a court "may first assure itself that it has personal jurisdiction over the defendant." *Mickalis Pawn Shop, LLC*, 645 F.3d at 133 (citation omitted). Since a judgment rendered against a defendant over whom the court does not have personal jurisdiction can be vacated pursuant to Rule 60(b)(4), it "preserves judicial economy for the court to assess personal jurisdiction from the outset and thereby avoid rendering a void judgment." *Foshan Shunde Xinrunlian Textile Co. v. Asia 153 Ltd.*, No. 14-cv-4697 (DLI) (SMG), 2017 WL 696025, at *2 (E.D.N.Y. Jan. 30, 2017), *report and recommendation adopted*, (Electronic Order dated Mar. 21, 2017). Here, the Defendants have failed to appear in this action so "a *sua sponte* assessment of personal jurisdiction is appropriate." *Id*. (conducting a *sua sponte* personal jurisdiction analysis on a default motion).

24

Before obtaining a default judgment, a plaintiff must establish proper service of the Summons and Complaint on the defaulting party pursuant to Rule 4 of the Federal Rules of Civil Procedure. *Advanced Cap. Com. Grp., Inc. v. Suarez*, No. 09-CV-5558 (DRH) (GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sep. 20, 2013) (adopting report and recommendation).

Rule 4 prescribes the manner in which service of process must be effected in order to subject a defendant to the court's jurisdiction. *See* Fed. R. Civ. P. 4.  Rule 4(e) provides that an individual may be served, *inter alia*, by delivering a copy of the summons and of the complaint to the individual personally or leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. *See* Fed. R. Civ. P. 4(e)(2)(A-B).  And, Rule 4(h) provides that a domestic or foreign corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." *See* Fed. R. Civ. P. 4(h)(1)(B).

Here, the affidavits of service filed on the docket demonstrate that service of the Complaint was properly effectuated on Sankar by service through a person of suitable age and discretion at his dwelling, namely, a family member named Jamal, on November 8, 2019. *See* Fed. R. Civ. P. 4(e)(2)(B); (*see* DE 8).  Plaintiff also mailed a copy of the Summons and Complaint to Sankar's residence on November 12, 2019 to ensure receipt.  (DE 39-18 at 9.)  Service of the Complaint was similarly effectuated on Slomins, Inc. by service through an authorized agent, Stacy Singh on October 25, 2019.  *See* Fed. R. Civ. P. 4(h)(1)(B); (DE 6).  Accordingly, this Court has personal jurisdiction over the Defaulting Defendants.

### E.  Liability

Plaintiff brings its Complaint pursuant to RPAPL Art. 13 to foreclose on the Property,

namely against Sankar for defaulting on the Mortgage payments and against Slomins, Inc. for its failure to answer the Complaint despite its possession of a lien on the Property.

### a.  Sankar

The undersigned repeats the same theory of liability for Defendant Sankar as it did for Defendant Habeeb *supra.* As alleged in the Complaint, Sankar, along with Habeeb promised to pay the $439,814 sum plus interest to Plaintiff and secured its Mortgage as security for the loan. (DE 1 at ¶¶ 8-9).  However, both Habeeb and Sankar failed to make the required payments, resulting in a default according to the terms of the Note that Defendants undertook.  (*Id.* at ¶ 10.) Defendant Sankar received the proper notices in compliance with the RPAPL or did not deny receipt of these notices, yet still failed to cure these tardy payments.  For these reasons, and those noted above, Sankar is liable for the failure to pay Plaintiff.

### b.  Slomins, Inc.

Notably absent from the Complaint and Plaintiff's motion for summary judgment and reply, is any notion of liability against Slomins, Inc.  However, the Court looks to other facts surrounding Slomins Inc.'s liability here.

The Complaint names Slomins Inc. as a defendant because it is alleged to be a lien holder encumbering the Property.  (DE 1 at ¶ 5.)  RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  RPAPL § 1311(3).  "This rule derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale."  *Bank of Am., N.A.* v. *3301 Atl.*, LLC, No. 10-CV-5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quotes

omitted).  "Courts regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including parties holding subordinate liens or non-owner tenants." *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016).

Here, however, Plaintiff did nothing more than blankelty allege that Slomins, Inc. has an interest in the Property.  Lacking here are well-pleaded allegations of nominal liability on Slomins, Inc.'s part.  For example, Plaintiff has not attached any documentation showing a judgment in favor of Slomins, Inc. or how it came about its lien on the Property demonstrating that Slomins, Inc.'s lien or interest is subordinate to the Mortgage.  *Cf. Windward Bora, LLC,* 2022 U.S. Dist. LEXIS 119157 at *19 (finding nominal liability against defendant because plaintiff attached a copy of a judgment retrieval report showing judgment in favor of nominal defendant and therefore establishing whether defendant's lien was subordinate to the mortgage); *Freedom Mortg. Corp. v. Weisblum*, No. 19-CV-2033 (DRH) (AKT), 2020 U.S. Dist. LEXIS 152360, at *17 (E.D.N.Y. Aug. 19, 2020) (noting that the complaint contained language stating that Discover Bank's lien was 'subject and subordinate' to plaintiff's mortgage).

It is for these reasons that the undersigned respectfully recommends denying default judgment against Defendant Slomins, Inc., with leave to renew.

### F.  Damages against Defendants Habeeb and Sankar

Plaintiff is entitled to damages against both Habeeb and Sankar.  In its motion, Plaintiff simply requests that the Court appoint a referee to tally the sums due to it and to determine whether the Property can be sold in a single parcel pursuant to Fed. R. Civ. P. § 53 and RPAPL § 1321.  (DE 39-18 at 1, 14.)

27

Once liability for default is established, then next inquiry is damages.  A party's default constitutes concession of all well pleaded allegations, however, such default "is not considered an admission of damages."  *Double Green Produce, Inc. v. Forum Supermarket, Inc.*, 387 F. Supp. 3d 260, 271 (E.D.N.Y. 2019) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)).  Generally, a plaintiff must establish claims for damages through an evidentiary proceeding, although a hearing is not mandatory as long as the Court ensures the plaintiff sets forth a basis for the specified damages.  *Id*. at 271-72 (citations omitted); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc*., 109 F.3d 105, 111 (2d Cir. 1997) (citation omitted) (evidentiary hearing not required so long as there is a basis for the damages awarded).

In a foreclosure action, once a plaintiff has submitted the note and mortgage and default has been granted, all that is left is to establish is damages with reasonable certainty.  *Nationstar Mortg. LLC v. Atanas*, 315 F. Supp. 3d 700, 706 (W.D.N.Y. 2018).  "In the context of a default judgment in a foreclosure action, several courts in the Eastern District of New York have required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan."  *Happy Homes, LLC v. Jenerette-Snead*, No. 15-CV-1788 (MKB) (RML), 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) (collecting cases).

Here, Plaintiff has submitted ample evidence demonstrating the existence of an obligation through the Mortgage as well as a default on the obligation.  Such documents include, but are not limited to, copies of the notice of default payments to both Habeeb and Sankar via certified and first-class mail (DE 39-8 at 7-14).  Other documents submitted include the Note (DE 39-3) and the Mortgage (DE 39-4) themselves as well as the loan history (DE 39-6).

Plaintiff does not request the Court to undertake a computation of its attorneys' fees and costs or the remaining principal, interest, late charges, taxes, assessments. Instead, its sole request is for the Court to appoint a referee to determine these costs.

According to RPAPL § 1321, courts have the option of determining monies owed to plaintiff or appointing a referee to do so when a defendant fails to answer within the required timeframe. *See U.S. Bank Trust, N.A. v. Dingman*, No. 16-CV-1384 (CS), 2016 U.S. Dist. LEXIS 162554, at *9 (S.D.N.Y. Nov. 22, 2016) (finding summary judgment in favor of plaintiff, deeming the procedural posture of the case in plaintiff's favor).

"[C]ourts routinely appoint referees to effectuate the sale of foreclosed properties." *Cit Bank, N.A. v. Coombes*, No. 17-CV-5871 (ADS) (SIL), 2019 U.S. Dist. LEXIS 88111, at *24 (E.D.N.Y. May 23, 2019) (recommending plaintiff be allowed to select three candidates as potential referees to sell the property and the district judge would select one). And courts in the Second Circuit allow appointing a referee if the plaintiff has presented a note, mortgage, and proof of default thereby establishing a *prima facie* case. *Nationstar Mortg. LLC v. Atanas,* 285 F. Supp. 3d 618, 628 (W.D.N.Y. 2018).

Here, because Plaintiff has sufficiently pled its *prima facie* case, the undersigned respectfully recommends allowing Plaintiff to list and describe, with their qualifications, three potential referees and file a proposed appointment order that District Judge Azrack may use when choosing a referee. *See Wilmington Sav. Fund Soc'y v. DIP Hosp. LLC*, No. 20-CV-1616 (JLS) (HKS), 2023 U.S. Dist. LEXIS 102933, at *27 (W.D.N.Y. June 13, 2023) (drawing on other courts' methodology of choosing referees by having plaintiffs list three referees and submit them for the district judge's choosing).

## **CONCLUSION**

For the reasons discussed above, the undersigned respectfully recommends the following:

1. GRANT the substitution of Plaintiff

2. Plaintiff's motion for summary judgment (DE 39) be GRANTED;

3. STRIKING Defendants' Answer to the Complaint;

4. Default judgment be GRANTED against Defendant Sankar but DENIED against Defendant Slomins, Inc., with leave to renew; and

5. Appointment of a referee to compute sums Plaintiff is owed and to determine if the property can be sold in one unit be GRANTED.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Plaintiff's counsel is directed to serve copies upon all non-appearing defendants. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any

further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan &*

*Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:       Central Islip, New York
             July 27, 2023

                          RESPECTFULLY RECOMMENDED,

                          /S/ *James M. Wicks*

                              JAMES M. WICKS
                          United States Magistrate Judge