UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                              Plaintiff,

         -against-

PRISCILLA A. HABEEB, BIBI Z. SANKAR, and
SLOMINS INC,

                             Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
19-cv-05881 (JMA) (JMW)

**FILED
CLERK**

9:05 am, Jul 02, 2024

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiff Freedom Mortgage Corporation ("Plaintiff") brought this action to foreclose on a mortgage encumbering the property at 3077 Cornwell Place, Baldwin, New York 11510 ("Property"). (See Compl., ECF No. 1.) Presently before the Court is Plaintiff's unopposed motion for default judgment ("Motion") against Defendant Slomins Inc. (See ECF No. 47.) For the below reasons, Plaintiff's Motion is GRANTED.

## I.    BACKGROUND

On February 6, 2015, Defendants Priscilla A. Habeeb and Bibi Z. Sankar, ("Mortgagors") executed and delivered to The Federal Savings Bank—a Federal Savings Bank—a Note (see ECF No. 47-2) and a Mortgage (see ECF No. 47-3) in the amount of $439,814.00. (See ECF No. 47-1, ¶ 4 ("Monahan Decl.").) The Mortgage secured repayment of the Note with a lien on the Property and was recorded in the Nassau County Clerk's Office on February 23, 2015, in Liber Book: M40225, Page 357. (See ECF No. 47-6, ¶¶ 4–5 ("Younger Affidavit.").)

The Mortgage was then assigned to Plaintiff by an assignment of mortgage dated October 7, 2019, and recorded October 16, 2019 at Liber Book: M 43739 Page: 457 Instrument No.: 2019-89835. (See Monahan Decl. ¶ 5; see also Younger Affidavit ¶ 6.) On May 1, 2019, Mortgagors defaulted on their obligations under the Note and Mortgage by failing to make the monthly

installment payment due on that day and on all subsequent monthly payments thereafter.  (See Monahan Decl. ¶ 6; see also Younger Affidavit ¶ 7.)

On June 27, 2019, Notices of Default under the terms of the Mortgage were sent in compliance with Plaintiff's standard procedures by certified mail and first-class mail to the Mortgagors at 3077 Cornwell Place, Baldwin, New York 11510 ("Mortgaged Premises.")  (See Monahan Decl. ¶ 7; see also ECF No. 47-1, ¶¶ 4-5 ("Affidavit of Mailing").)  Additionally, in compliance with Real Property Actions and Proceedings Law ("RPAPL") Section 1304, 90-Day Notices, in at least 14-point type with a list of at least five housing counseling agencies, were served on May 8, 2019, in a separate envelope from any other notices via certified and first-class mail to the Mortgagors at the Mortgaged Premises.  (See Monahan Decl. ¶ 8; see also Affidavit of Mailing ¶¶ 4, 6.)

On October 17, 2019, Plaintiff began this foreclosure action against Mortgagors and Defendant.  (See Monahan Decl. ¶ 9.)  Defendant was named as a defendant in this action because it is the holder of a lien encumbering the Property in the amount of $1.968.93 dated November 21, 2016, and recorded on March 20, 2017, in the Nassau County Clerk's Office with Document Number 2017-00060372 that is subject to and subordinate to Plaintiff's Mortgage.  (See Monahan Decl. ¶ 10; see also ECF No. 47-17 ("Slomins Inc Judgment").)  All Defendants were duly served with the pleadings thereafter.  (See Monahan Decl. ¶ 11; see also ECF No. 47-11.)  On November 19, 2019, Defendant Priscilla A. Habeeb filed an answer with eight affirmative defenses.  (See Monahan Decl. ¶ 12; see also ECF No. 47-12.)  On December 5, 2019, the Court issued a Certificate of Default against Defendants Slomins Inc and Bibi Z. Sankar.  (See Monahan Decl. ¶ 13; see also ECF No. 47-13.)  Following the commencement of this action, the Note and Mortgage were sold and assigned to RMTP Trust.  (See Monahan Decl. ¶ 15; see also Young Affidavit ¶ 8.)

2

On November 3, 2022, Plaintiff moved for summary judgment against Priscilla A. Habeeb, default judgment against Bibi Z. Sankar and Slomins Inc, and for appointment of a referee to compute the sums owed to Plaintiff.  (See ECF No. 39.)  Priscilla A. Habeeb opposed Plaintiff's motion for summary judgment, and Plaintiff replied to Priscilla A. Habeeb's opposition.  (See ECF Nos. 40–41.)  On May 8, 2023, the Court referred the motion to Magistrate Judge James M. Wicks for a report and recommendation.  (See Elec. Order, May 8, 2023.)

On July 27, 2023, Magistrate Judge Wicks issued a report and recommendation recommending the Court grant Plaintiff's motion for summary judgment as to Prascilla A. Habeeb and for default judgment against Bibi Z. Sankar.  (See ECF No. 43.)  Magistrate Judge Wicks recommended the Court deny with leave to renew Plaintiff's motion for default judgment against Defendant for failure to demonstrate Defendant's interest in the Property.  (See id.)  No objections were filed to the Report and Recommendation.  On August 11, 2023, the Court issued an Order adopting the Report and Recommendation in its entirety.  (See ECF No. 44.)

For the below reasons, Plaintiff has established entitlement to default judgment as to Defendant.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment.  See FED. R. CIV. P. 55(b)(2).

3

Before imposing a default judgment, the district court must accept well-pled allegations as true and determine whether they establish the defendant's liability as a matter of law. See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Id. at 189 (internal quotation marks and alterations omitted). Instead, the plaintiff must establish to a "reasonable certainty" entitlement to the relief requested. Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Defendant Defaulted

As detailed above, Defendant was properly served with a summons and the Complaint but failed to answer, file an appearance, or otherwise defend this action. See supra Section I. The Clerk of the Court properly entered a certificate of default for Defendant on December 5, 2019. (See ECF No. 11.)

#### B. Mortgagors' Liability

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (quoting Campaign v. Barba, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment." Id. (citing Fleet Natl. Bank v. Olasov, 793 N.Y.S.2d 52, 52 (2d Dep't 2005)).

4

Here, Plaintiff submitted copies of the Note (see Monahan Decl., Ex. A) and the Mortgage (see Monahan Decl., Ex. B). Those documents establish the existence—and Plaintiff's ownership—of the Mortgage and Note. See, e.g., Nissan Motor Acceptance Corp. v. Nemet Motors, LLC, No. 19-CV-3284, 2022 WL 4651667, at *3 (E.D.N.Y. Sept. 29, 2022) ("Where, as here, the plaintiff is also the original lender, production of the mortgage and note establish standing.").

Plaintiff submitted evidence of Mortgagors' default in the form of an affidavit by Anthony Younger (see Monahan Decl., Ex. E ¶ 7) and a Loan History (see Monahan Decl., Ex D), which evidences that Mortgagors defaulted on the loan on May 1, 2019, and have not cured their default. Plaintiff also submitted the notices that it was required to send to the Mortgagors under the Agreements, as well as proof that it complied with its obligations under the RPAPL. See supra Section I. This documentary evidence, together with the allegations in the Complaint, are sufficient to establish a prima facie case for foreclosure. Thus, RMTP Trust has established its right to foreclose upon the Property.

### C. Defendant's Liability

Under the RPAPL, the necessary parties to a mortgage foreclosure include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." REAL PROP. ACTS. LAW § 1311(3). "The rationale for joinder of these interests derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." 71-21 Loubet, LLC v. Bank of Am., N.A., 174 N.Y.S.3d 400, 404 (2d Dep't 2022) (internal quotation marks omitted). Accordingly, Plaintiff seeks to extinguish the subordinate lien on the Property held by Defendant. Plaintiff bears

5

the burden to establish this "nominal liability" as to Defendant. E.g., Onewest Bank N.A. v. Louis, No. 15-CV-00597, 2016 WL 3552143, at *12 (S.D.N.Y. June 22, 2016) (internal quotations omitted). "To plead nominal liability, a plaintiff must allege 'in great detail' the nature of a defendant's interest in the subject property." Miss Jones LLC v. Brown, No. 17-CV-898, 2020 WL 13889871, at *7 (E.D.N.Y. Aug. 14, 2020) (quoting Wells Fargo Bank, N.A. v. Landi, No. 13-CV-5822, 2015 WL 5657358, at *3 (E.D.N.Y. Sept. 22, 2015)), report and recommendation adopted, 2020 WL 5503535 (E.D.N.Y. Sept. 11, 2020).

Plaintiff submitted documents confirming in detail that Defendant holds a subordinate lien on the Property. (See Monahan Decl., Ex. P ¶ 10.) For example, Plaintiff established that Defendant has an interest in the property through a judgment for $1.968.93 dated November 21, 2016, and recorded on March 20, 2017 in the Nassau County Clerk's Office with Document Number 2017-00060372. (See Monahan Decl., Ex. P ¶ 10). Plaintiff also alleged in the Complaint that Defendant's lien is subject and subordinate to Plaintiff's Mortgage. (See Monahan Decl., Ex. I ¶ 9). Moreover, Defendant's lien was recorded two years after Plaintiff's Mortgage. (See Monahan Decl., Ex. B ¶ 4.) As such, Plaintiff established "nominal liability" sufficient for judgment against Defendant extinguishing its interest in the Property. See, e.g., CIT Bank, N.A. v. Howard, No. 14-CV-7470, 2018 WL 3014815, at *13 (E.D.N.Y. June 15, 2018) (imposing nominal liability against defendants after reviewing documents confirming their subordinate property interests).

Moreover, Plaintiff submitted the affidavit of service demonstrating that Defendant was duly served with the pleadings in this action. (See Monahan Decl., Ex. J.) Specifically, on October 25, 2019, Plaintiff effected service of process on Defendant Slomins Inc. through an authorized agent under CPLR § 311. (See id.) Defendant neither answered nor responded in any way to the

6

Complaint, nor did Defendant request an extension of time to respond. And the time to do so has expired. There is no sign that the Defendant's failure to respond to the Complaint, despite being properly served, was anything but deliberate. Accordingly, default judgment should be entered.

## IV. CONCLUSION

For the above reasons, the Motion for Default Judgment against Defendant Slomins Inc. is GRANTED. (See ECF No. 47.) The Clerk of Court is respectfully directed to serve a copy of this Order on the Defendant at its address of record.

**SO ORDERED.**

Dated: July 2, 2024
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE